UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARRIAGA, C., TURNER, T.
BROWN, B., LOUIME, D.
ANTWON, D., CAMPBELL, R.
WHITE, G., BROOKS, B.
LIND, E., WILLIAMS, T.
DEJESUS, H., ROQUE, A.
OVERTON, T., CORBIN, R.
MARTINEZ, A., ~~FASHAW, M.~~ WRIGHT, D.
SCOTT, C., CRANE, M.
BUSSEY, K., PEK, E.
CAMPBELL, V., RAMOS, I.
JONES, D., REED, D.
SEABROOKS, I., SCOTT, J.
~~WEST, K.~~, HOWARD, A. HAYMAN, A.,
PRICE, T., ROBINSON, S.

       Plaintiff(s)

Anthony Annucci, Commissioner
NYS DOCCS, Joseph, John Doe,
John Doe.
           Defendant(s)

**COMPLAINT IN PURSUANT TO
RULE 23.CLASS ACTION CERTIFICATION**

Case No._____
Hon. _____

 JURY TRIAL: YES



RECEIVED
JUL 13 2023
PRO SE OFFICE

I. Parties in this complaint:

A.

Plaintiff No 1
BROWN, B. 98A2129
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Plaintiff No 2
ARRIAGA, C. 00A1564
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Plaintiff No 3
TURNER, T. 13A2248
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Plaintiff No 4
LOUIME, D. 17A3218
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Plaintiff No 5
ANTWON, D. 93A1582
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Plaintiff No 6
CAMPBELL, R. 19A3126
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

1

Plaintiff No 7
WHITE, G. 18A2663
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Plaintiff No 8
BROOKS, B. 11A5244
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Plaintiff No 9
LIND, E. 16A1235
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Plaintiff No 10
WILLIAMS, T. 05A5627
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Plaintiff No 11
DEJESUS, H. 05A4527
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Plaintiff No 12
ROQUE, A. 08A4179
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Plaintiff No 13
CORBIN, R. 92A0414
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Plaintiff No 14
OVERTON, T. 03A2498
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Plaintiff No 15
MARTINEZ, A. 17A5137
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Plaintiff No 16   96B2476
~~FASHAW, M. 12A2429~~ WRIGHT, D,
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Plaintiff No 17
SCOTT, C. 15A0299
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Plaintiff No 18
CRANE, M. 15B1683
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Plaintiff No 19
BUSSEY, K. 97A5310
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Plaintiff No 20
PEK, E. 16A1825
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Plaintiff No 21
CAMPBELL, V. 18A4710
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Plaintiff No 22
RAMOS, I. 13A1346
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Plaintiff No 23
JONES, D. 16B3768
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Plaintiff No 24
REED, D. 03A3901
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Plaintiff No 25
SEABROOKS, I. 03A4545
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Plaintiff No 26
SCOTT, J. 69A5363
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Plaintiff No 27
~~WEST, K. 96A707~~ Hayman, A. 94B2622
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Plaintiff No 28
HOWARD, A. 11A5337
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Plaintiff No 29
ROBINSON, S. 14A0814
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Plaintiff No 30
PRICE, T. 13A0163
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

B.   Defendant No 1
Anthony Annucci
Commissioner, NYS DOCCS
The Harriman State Campus
Albany, New York 12226-2050

Defendant No 2
JOSEPH SERGEANT
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Defendant No 3
JOHN DOE, OFFICER IN CHARGE
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Defendant No 4
JOHN DOE, ESSORTING OFFICER
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Anthony Annucci is sued in his official capacity; Correctional Sergeant Joseph, John Doe Correctional Officer, and John Doe Correctional Officer are sued in their individual capacities. The following are state prisoners' complaint and therefore alleges that defendants acted under the color state law.

3

## INTRODUCTION

This is a civil rights action filed by Byron K. Brown, and other state prisoners, for damages and declaratory relief under 42 U.S.C. §§§ 1983, 2000 cc-1(a) & 2000 cc-5(4)(A), alleging violations of their constitutional and statutory rights to free exercise of Islam and to be free from establishment of "religious bias," and the denial of congregational worship "Jumah Prayer Service" in violations of the First Amendment to the United States Constitution, and the Equal Protection Clause of the Fourteenth Amendment. The plaintiff(s) also alleges that defendants have substantially burdened the rights to freely exercise their religion in violations of the Religious Land Use and Institutionalize Person Act of 2000, ("RLUIPA").

## JURISDICTION

1. The court has jurisdiction over the Plaintiff(s) claims of violations of federal and statutory constitutional rights under 42 U.S.C. §§§§ 1333(1), 1343, 2000cc-1(a), & 2000cc-5(4)(A).

## PARTIES

2. The Plaintiff(s), Byron K. Brown, was incarcerated at Sing Sing Correctional Facility("Sing Sing") during the events described in this complaint.

3. Defendant Anthony Annucci, is the Commissioner of New York State Department of Corrections and Community Supervision ("NYS DOCCS"), and is responsible for all of New York correctional

4

Facilities. He is sued in his official capacities.

4. Defendant Joseph is a correctional Sergeant and is in charge of supervision of correctional staff at Sing sing. He is sued in his individual capacities.

5. Defendant John Doe is a correctional officer employed at Sing Sing who worked the 7 a.m.-3 p.m. shift at Housing Block A, Officer in Charge (OIC), on April 14, 2023. He/She is sued in his/her individual capacities. Whose name is presently unknown to plaintiff(s).

6. Defendant John Doe is a correctional officer employed at Sing Sing who worked the 7 a.m.-3 p.m. shift at Housing Block A, assigned to work as the "Jumah service" escorting officer. Whose name is presently unknown to Plaintiff(s). He/She is sued in his/her individual capacities.

II. Statement of claim

A. In what institution did the events giving rise to your claim(s) occur?

Sing Sing Correctional Facility

B. Where in the institution did the events giving rise to your claims(s) occur?

Housing Block A and Housing Block Building-7 prisoners was denied congregational services, i.e., (Jumah, N.O.I., and Rastafarian).

C. what date and approximately time did the events giving

5

rise to your claim(s) occur?

April 14, 2023, at approximately 11 a.m.

D. Facts

There was upwards to well over two-hundred prisoners who had been intentionally denied their constitutional rights to attend religious services from both Housing Units, Housing Block A and Housing Block Building-7.

7. On the morning of April 14, 2023, at approximately 9:00-9:30 a.m., Correctional Officer Cameron, HBA-N-Gallery "A" officer had stopped at my cell #17 location.

8. Correctional Officer Cameron, stated to me prisoner Byron K. Brown, "I am letting you out for a shower so get your stuff, and be ready to go."

9. Correctional Officer Cameron, shortly thereafter open my cell HBA-N-Gallery, cell #17, and I Byron K. Brown, exited my cell and proceed to the shower area, on N-Gallery.

10. Once, I finished showering I had went back to my cell, and began preparing to attend the "Jumah" prayer service that would be conducted later on at approximately 1:00 p.m., in the Sing Sing Chapel area.

11. At approximately 11:00 a.m., during the HBA-N-Gallery day to day rounds, I Byron K. Brown had requested to attend the "Jumah" prayer service call-out.

12. Now according to the HBA-"radio" public announcement

address, "Sing Sing Correctional Facility operational procedures for today will be conducted on a holiday schedule."

13. The HBA-"radio" public announcement address was made by the Housing Block A-Officer In Charge, who identity and name is unknown to plaintiff at this time.

14. This facility procedure had been imposed to afford prison personnel too attend their former colleagues' memorial service.

15. New York State Department of Correctional and Community Supervision had certain procedural mechanisms in place to afford prisoners' their Federal and New York State constitutional rights, in accordance to the Religious Freedom Restoration Act(RFRA), the Religious Land Use Institutionalize Person Act(RLUIPA), the First & Eight Amendment, and state law.

16. Therefore, I Byron K. Brown, had filed a grievance dated April 20, 2023, in which gave notice to prison officials that myself and other prisoners had been denied our constitutional rights, housed in A-Block from attending any religious services, i.e., Jumah, N.O.I., and Rastafarian, conducted on April 14, 2023, held in the Sing Sing Chapel area.

17. I Byron K. Brown, have been a NYS DOCCS registered Muslim at Downstate Correctional Facility both times in 1995, and 1997, who actively participated in every religious fast during the "Holy Month of Ramadan," attends "Jumah" weekly, and Islamic classes regularly during my approximately 27 years of incarceration.

18. At approximately 6:00 p.m., on the same day of April 14, 2023, I went to the Masjid to attend class, in the Sing sing Chapel area, and learned that other prisoner's Housed in 7-Building experienced the same exact or similar set of circumstances, relating to denial of services i.e., Jumah, N.O.I., and Rastafarian, held inn the Sing Sing Chapel area.

19. Therefore, I am filing this 42 U.S.C. § 1983 complaint due to I was denied my constitutional rights of attending the "Jumah" prayer service conducted on April 14, 2023, during the "Holy Month of Ramadan," held in the Sing Sing Chapel area.

20. When Housing Block "A" security personnel intentionally breached their constitutional duties by not affording myself and other prisoner's Housed in A-Block from attending any religious held services i.e., Jumah, N.O.I., and Rastafarian, on the above noted date held in the Sing Sing Chapel area.

21. The Plaintiff(s) Housed in A-Block alone with other Prisoner's Housed in 7-Building was treated differently than Prisoner's Housed in Housing Block "B" and Housed in 5-Building, those prisoners was afforded their constitutional rights of attending the above noted religious held services i.e., Jumah, N.O.I., and Rastafarian, held on April 14, 2023, in the Sing Sing Chapel area.

III. Injuries:

If you sustained injuries related to the event alleged above, describe them and state what medical treatment, if any, you required

8

and received.

22. The Plaintiff(s) did not receive any injuries, i.e. (physical nor mental or emotional) only constitutional violations or injuries.

IV. Exhaustion of Administrative Remedies

The Prisoner Litigation Reform Act of 1995, 42 U.S.C. § 1997(a) requires that "[N]o action shall be brought with respect to prison conditions under section 1983 of this title, or other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes **X** No

If, YES, name the jail, prison, or correctional facility where you were confined at the time of the events giving rise to your claims(s)  Sing Sing Correctional Facility.

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

Yes **X** No       Do not Know

C. Does the prison procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all your claim(s)?

Yes **X** No       Do not Know

9

If, Yes, which claim(s) First Amendment Free exercise of religion, Eight Amendment Equal Protection clause, and Religious Land Use Institutionalize Persons Act (RULPLA).

D. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose not cover some or all your claim(s)?

Yes     No     Do not Know

If Yes, which Claim(s) _____

E. Did you file a grievance at the jail, prison, or other correctional facility where your claim arose?

Yes **X** No

If No, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes **X** No

F. If you did file a grievance about the events described in this complaint where did you file the grievance? Sing Sing Correctional Facility.

1. Which claim(s) in this complaint did you did you grieve? See, Exhibits A-V

2. What was the results, if any? My complaint was consolidated along with other plaintiffs' grievances pursuant to Title 7 NYCRR § 701.5 Procedure;(a)(3).   An Inmate Grievance Resolution Hearing was held on May 18, 2023, and the facility

investigation of the complaint revealed that Correctional Sergeant Joseph intentionally breached his constitutional duties.

3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process.   I   appealed   the   Inmate   Grievance   Resolution   Hearing determination to the superintendent.   The Superintendent had issued a written decision within (25) days as required by state law.   I then appealed it to the central Office review committee (CORE).

G.   If you did not file a grievance, did you inform any official of your claim(s)?

1. If, YES, Whom did you inform and when did you informed them?

If, NO, why not?

4.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.   I had submitted three letters of appeal dated May 12, May 26, and June 9, 2023, which indicates the grievance appealed to the Superintendent's Office and then to the Central Office Review Committee in Albany, New York.

Note: You may attach as exhibits at this complaint any documents related to the exhaustion of your administrative remedies i.e., see Exhibits A-V, 22-pages.

23.   The Plaintiff(s) has exhausted his administrative remedies with respect to all claims and all Defendants.

V. Claims of Relief

State what you want the court to do for you: Award compensatory and punitive damages as well declaration.

24. The failure of Defendant Anthony Annucci to take disciplinary or other action to curb the known patterns of denying prisoner's free exercise of religion by the Defendant Joseph, John Doe, and John Doe, constituted deliberate indifference to the Plaintiff(s) and other prisoner's religious practices contributed to approximately cause the above describe violations of the First, Fifth, and Fourteenth Amendment to the United States Constitution, and the Religious Land Use and Institutionalized Person Act.

25. The actions of Defendants Joseph, John Doe, and John Doe, in failure to act, follow NYS DOCCS "Protocol," Captain N issued email, and falsifying reports denied the Plaintiff(s) and other Prisoner's free exercise of religion, and the Religious Land Use and Institutionalized Person Act in violation of clearly established constitutional, and statutory laws, under the United States Constitution.

26. The action of Defendants Joseph, John Doe, and John Doe, in failure to act, follow NYS DOCCS "Protocol," Captain N issued email, and falsifying reports denied the Plaintiff(s) and other Prisoner's Equal Protection of the law in violation of the Fifth, and Fourteenth Amendment to the United States Constitution.

WHEREFORE, the Plaintiff(s) requests that the court grant the

12

following relief:

A. Issue a declaratory judgment stating that:

1. Defendant Anthony Annuucci, failed to take action to curb know patterns of denying free exercise of prisoners' religion violated the Plaintiffs' rights under the First, Fifth, and Fourteenth Amendment to the United States Constitution, and the Religious Land Use and Institutionalized Person Act (RULPLA).

B. Award compensatory damages in the following amounts:

1. $100,000 jointly and severally against Defendant's Joseph, John Doe, and John Doe, for the denial of Plaintiffs' rights under the First, Fifth, and Fourteenth Amendment to the United States Constitution, and the Religious Land Use and Institutionalized Person Act (RULPLA).

C. Award punitive damages in the following amounts:

1. $50,000 each against Defendant's Joseph, John Doe, and John Doe.

VI. Previous Lawsuits:

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action? Yes.

B. If, your answer to A is Yes, describe each lawsuit in questions 1 through 7 on next page. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format).

1. Parties to this previous lawsuit

13

Plaintiff Byron K. Brown

Defendant New York

2. Court I (If federal court, mane the district; if state, name county) State Court (Court of Claims)the First, Fifth, and Fourteenth Amendment to the New York State Constitution.

3. Docket or Index Number

4. Name of judge assigned to your case

5. Approximate date of filing lawsuit Sept, 1st, 2023

6. Is the case still pending

   If, No, give the approximate date of disposition

7. What was the result of the case? (for example) Was the case dismissed?

Was there judgment in your favor?  Was the case appealed? Still pending.

B. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action? Yes.

C. If, your answer to C is Yes, describe each lawsuit in questions 1 through 7 on next page.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format).

1. Parties to this ~~previous~~ lawsuit

   Plaintiff(s) Byron K. Brown, et. al

   Defendant(s) Anthony Annucci, et.al.

2. Court II (If federal court, name the district S.D.N.Y.; if

14

state, name county) the First, Fifth, and Fourteenth Amendment to the United States Constitution and statutory laws (RULPLA).

   3. Docket or Index Number

   4. Name of judge assigned to your case

   5. Approximate date of filing lawsuit   *July 10, 2023*

   6. Is the case still pending, Yes

     If, No, give the approximate date of disposition

   7. What was the result of the case? (for example) Was the case dismissed?

     Was there judgment in your favor?  Was the case appealed?

     Still pending.

Signed this __10__ day of ____*July*____ 2023.  I declare under the penalty of perjury that the foregoing is true and correct.

A.

Signature of Plaintiff No 1
BROWN, B. 98A2129
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Signature of Plaintiff No 2
ARRIAGA, C. 00A1564
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Signature of Plaintiff No 3
TURNER, T. 13A2248
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Signature of Plaintiff No 4
LOUIME, D. 17A3218
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Signature of Plaintiff No 5
ANTWON, D. 93A1582
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Signature of Plaintiff No 6
CAMPBELL, R. 19A3126
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Signature of Plaintiff No 7
WHITE, G. 18A2663
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Signature of Plaintiff No 8
BROOKS, B. 11A5244
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Signature of Plaintiff No 9
LIND, E. 16A1235
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Signature of Plaintiff No 10
WILLIAMS, T. 05A5627
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Signature of Plaintiff No 11
DEJESUS, H. 05A4527
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Signature of Plaintiff No 12
ROQUE, A. 08A4179
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Signature of Plaintiff No 13
CORBIN, R. 92A0414
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Signature of Plaintiff No 14
OVERTON, T. 03A2498
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Signature of Plaintiff No 15
MARTINEZ, A. 17A5137
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Signature of Plaintiff No 16
FACINET, M. 12A2429 WRIGHT. D 96B2470
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Signature of Plaintiff No 17
SCOTT, C. 15A0299
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Signature of Plaintiff No 18
CRANE, M. 15B1683
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Signature of Plaintiff No 19
BUSSEY, K. 97A5310
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Signature of Plaintiff No 20
PEK, E. 16A1825
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

*Vaugh Campbell*
Signature of Plaintiff No 21
CAMPBELL, V. 18A4710
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

*(signature)*
Signature of Plaintiff No 22
RAMOS, I. 13A1346
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Signature of Plaintiff No 23
JONES, D. 16B3768
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

*Dwayne Reed*
Signature of Plaintiff No 24
REED, D. 03A3901 Dw
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

*Ivan Seabrooks*
Signature of Plaintiff No 25
SEABROOKS, I. 03A4545
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Signature of Plaintiff No 26
SCOTT, J. 69A5363
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

*Alon Haymon*
Signature of Plaintiff No 27
~~NYSID K 961707~~ HAYMON, A 94B2022
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Signature of Plaintiff No 28
HOWARD, A. 11A5337
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Signature of Plaintiff No 29
ROBINSON, S. 14A0814
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562

Signature of Plaintiff No 30
PRICE, T. 13A0163
Sing Sing Corr. Facility
354 Hunter Street
Ossining, New York 10562
*(signature)*

Signed this ___10___ day of ___July___ 2023.   I declare under the penalty of perjury that the foregoing is true and correct.

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

17

I declare under the penalty of perjury that on this day of
10   ,July 2023, I will deliver this complaint to prison authorities
to be mailed to the Pro-se Office of the United States District Court
for the Southern District Of New York.

B. Brown
Q. Quick, Supervisor IGRC
April 20, 2023
Re: Denial of Religious Service

On April 14, 2023 at approximately 11:00 a.m., during the HBA-N-Gallery day to day rounds, I Byron K. Brown, 98A2129 had requested to attend the Jumah prayer service call-out.   Now, according to the HBA public announcement address: "Sing Sing Correctional Facility operational procedures for today will be conducted on a holiday schedule."  This procedure has been imposed to afford prison personnel too attend their former colleagues' memorial service.   NYS DOCCS has certain procedural mechanism in place to afford prisoners' their Federal and NY State constitutional rights in accordance to the Religious Freedom Restoration Act (RFRA), the Religious Land Use Institutionalized Persons Act (RLUIPA), the First Amendment, and State Law.

Therefore I am filing this grievance complain due to I was denied my constitutional rights of attending the Jumah prayer service conducted of April 14, 2023, during the "Holy month of Ramadhan" held in the Sing Sing Chapel area.  When HBA security personnel breached their constitutional duties by not affording myself and other prisoners' housed in A-Block from attending any religious held services, such as (Jumah, N.O.I., and Rastafarian) on the above noted date.

Byron K. Brown 98A2129

Exhibits A-V - 22 Pages

Action requested: The constitutional guaranteed rights of practicing my religion free from other "religious bias" such as (the memorial service of a DOCCS personnel).


cc: NYS Governor's Office
    Anthony Annucci, Commissioner
    Michael Capra, Superintendent Sing Sing C.F.
    American Civil Liberties Union

B. Brown 98A2129
Michael Capra, Superintendent Sing Sing
April 20, 2023
Re: Denial of Religious Service


On April 14, 2023 at approximately 11:00 a.m., during the HBA-N-Gallery day to day rounds, I Byron K. Brown, 98A2129 had requested to attend the Jumah prayer service call-out. Now, according to the HBA public announcement address: "Sing Sing Correctional Facility operational procedures for today will be conducted on a holiday schedule." This procedure has been imposed to afford prison personnel too attend their former colleagues' memorial service. NYS DOCCS has certain procedural mechanism in place to afford prisoners' their Federal and NY State constitutional rights in accordance to the Religious Freedom Restoration Act (RFRA), the Religious Land Use Institutionalized Persons Act (RLUIPA), the First Amendment, and State Law.

Therefore I am filing this grievance complain due to I was denied my constitutional rights of attending the Jumah prayer service conducted of April 14, 2023, during the "Holy month of Ramadhan" held in the Sing Sing Chapel area. When HBA security personnel breached their constitutional duties by not affording myself and other prisoners' housed in A-Block from attending any religious held services, such as (Jumah, N.O.I., and Rastafarian) on the above noted date.

Byron K. Brown 98A2129


Action requested: The constitutional guaranteed rights of practicing my religion free from other "religious bias" such as (the memorial service of a DOCCS personnel).

cc: NYS Governor's Office
    Anthony Annucci, Commissioner
    Michael Capra, Superintendent Sing Sing C.F.
    American Civil Liberties Union

B. Brown
Sing Sing Correctional Facility
354 Hunter Street
Ossining, N.Y. 10562

April 20, 2023

Governor's Office
Executive Chamber
State Capitol
Albany, N.Y. 12224


Re: Denial of Religious Service

On April 14, 2023 at approximately 11:00 a.m., during the HBA-N-Gallery day to day rounds, I Byron K. Brown, 98A2129 had requested to attend the Jumah prayer service call-out. Now, according to the HBA public announcement address: "Sing Sing Correctional Facility operational procedures for today will be conducted on a holiday schedule." This procedure has been imposed to afford prison personnel too attend their former colleagues' memorial service. NYS DOCCS has certain procedural mechanism in place to afford prisoners' their Federal and NY State constitutional rights in accordance to the Religious Freedom Restoration Act (RFRA), the Religious Land Use Institutionalized Persons Act (RLUIPA), the First Amendment, and State Law.


Therefore I am filing this grievance complain due to I was denied my constitutional rights of attending the Jumah prayer service conducted of April 14, 2023, during the "Holy month of Ramadhan" held in the Sing Sing Chapel area. When HBA security personnel breached their constitutional duties by not affording myself and other prisoners' housed in A-Block from attending any religious held services, such as (Jumah, N.O.I., and Rastafarian) on the above noted date.

_____

Byron K. Brown 98A2129

Action requested: The constitutional guaranteed rights of practicing my religion free from other "religious bias" such as (the memorial service of a DOCCS personnel).

cc: NYS Governor's Office
    Anthony Annucci, Commissioner
    Michael Capra, Superintendent Sing Sing C.F.
    American Civil Liberties Union

B. Brown
Sing Sing Correctional Facility
354 Hunter Street
Ossining, N.Y. 10562

April 20, 2023

Anthony Annucci, Acting Commissioner
Department of Corrections and
Community Supervion
State Office Building #2
State Office Campus
Albany, N.Y. 12226

Re: Denial of Religious Service

On April 14, 2023 at approximately 11:00 a.m., during the HBA-N-Gallery day to day rounds, I Byron K. Brown, 98A2129 had requested to attend the Jumah prayer service call-out. Now, according to the HBA public announcement address: "Sing Sing Correctional Facility operational procedures for today will be conducted on a holiday schedule." This procedure has been imposed to afford prison personnel too attend their former colleagues' memorial service. NYS DOCCS has certain procedural mechanism in place to afford prisoners' their Federal and NY State constitutional rights in accordance to the Religious Freedom Restoration Act (RFRA), the Religious Land Use Institutionalized Persons Act (RLUIPA), the First Amendment, and State Law.

Therefore I am filing this grievance complain due to I was denied my constitutional rights of attending the Jumah prayer service conducted of April 14, 2023, during the "Holy month of Ramadhan" held in the Sing Sing Chapel area. When HBA security personnel breached their constitutional duties by not affording myself and other prisoners' housed in A-Block from attending any religious held services, such as (Jumah, N.O.I., and Rastafarian) on the above noted date.

Byron K. Brown 98A2129

Action requested: The constitutional guaranteed rights of practicing my religion free from other "religious bias" such as (the memorial service of a DOCCS personnel).

cc: NYS Governor's Office
    Anthony Annucci, Commissioner
    Michael Capra, Superintendent Sing Sing C.F.
    American Civil Liberties Union

B. Brown
Sing Sing Correctional Facility
354 Hunter Street
Ossining, N.Y. 10562

April 20, 2023

American Civil Liberties Union (ACLU)
125 Broad Street
New York, NY 10004

Re: Denial of Religious Service

On April 14, 2023 at approximately 11:00 a.m., during the HBA-N-Gallery day to day rounds, I Byron K. Brown, 98A2129 had requested to attend the Jumah prayer service call-out. Now, according to the HBA public announcement address: "Sing Sing Correctional Facility operational procedures for today will be conducted on a holiday schedule." This procedure has been imposed to afford prison personnel too attend their former colleagues' memorial service. NYS DOCCS has certain procedural mechanism in place to afford prisoners' their Federal and NY State constitutional rights in accordance to the Religious Freedom Restoration Act (RFRA), the Religious Land Use Institutionalized Persons Act (RLUIPA), the First Amendment, and State Law.

Therefore I am filing this grievance complain due to I was denied my constitutional rights of attending the Jumah prayer service conducted of April 14, 2023, during the "Holy month of Ramadhan" held in the Sing Sing Chapel area. When HBA security personnel breached their constitutional duties by not affording myself and other prisoners' housed in A-Block from attending any religious held services, such as (Jumah, N.O.I., and Rastafarian) on the above noted date.

Byron K. Brown 98A2129

Action requested: The constitutional guaranteed rights of practicing my religion free from other "religious bias" such as (the memorial service of a DOCCS personnel).


cc: NYS Governor's Office
    Anthony Annucci, Commissioner
    Michael Capra, Superintendent Sing Sing C.F.
    American Civil Liberties Union

B. Brown
Sing Sing Correctional Facility
354 Hunter Street
Ossining, N.Y. 10562

April 20, 2023

David I. Weprin, Assembly Member
214 Legislative Office Building
Room #524
Albany, NY 12224

Re: Denial of Religious Service

On April 14, 2023 at approximately 11:00 a.m., during the
HBA-N-Gallery day to day rounds, I Byron K. Brown, 98A2129 had
requested to attend the Jumah prayer service call-out. Now,
according to the HBA public announcement address: "Sing Sing
Correctional Facility operational procedures for today will be
conducted on a holiday schedule." This procedure has been imposed to
afford prison personnel too attend their former colleagues' memorial
service. NYS DOCCS has certain procedural mechanism in place to
afford prisoners' their Federal and NY State constitutional rights in
accordance to the Religious Freedom Restoration Act (RFRA), the
Religious Land Use Institutionalized Persons Act (RLUIPA), the First
Amendment, and State Law.

Therefore I am filing this grievance complain due to I was
denied my constitutional rights of attending the Jumah prayer service
conducted of April 14, 2023, during the "Holy month of Ramadhan" held
in the Sing Sing Chapel area. When HBA security personnel breached
their constitutional duties by not affording myself and other
prisoners' housed in A-Block from attending any religious held
services, such as (Jumah, N.O.I., and Rastafarian) on the above noted
date.

Byron K. Brown 98A2129

Action requested: The constitutional guaranteed rights of practicing my religion free from other "religious bias" such as (the memorial service of a DOCCS personnel).


cc: NYS Governor's Office
    Anthony Annucci, Commissioner
    Michael Capra, Superintendent Sing Sing C.F.
    American Civil Liberties Union

B. Brown
Sing Sing Correctional Facility
354 Hunter Street
Ossining, N.Y. 10562

April 20, 2023

Voice of the People, Daily News
4 New York Plaza
New York, NY 10004

Re: Denial of Religious Service

On April 14, 2023 at approximately 11:00 a.m., during the HBA-N-Gallery day to day rounds, I Byron K. Brown, 98A2129 had requested to attend the Jumah prayer service call-out. Now, according to the HBA public announcement address: "Sing Sing Correctional Facility operational procedures for today will be conducted on a holiday schedule." This procedure has been imposed to afford prison personnel too attend their former colleagues' memorial service. NYS DOCCS has certain procedural mechanism in place to afford prisoners' their Federal and NY State constitutional rights in accordance to the Religious Freedom Restoration Act (RFRA), the Religious Land Use Institutionalized Persons Act (RLUIPA), the First Amendment, and State Law.

Therefore I am filing this grievance complain due to I was denied my constitutional rights of attending the Jumah prayer service conducted of April 14, 2023, during the "Holy month of Ramadhan" held in the Sing Sing Chapel area. When HBA security personnel breached their constitutional duties by not affording myself and other prisoners' housed in A-Block from attending any religious held services, such as (Jumah, N.O.I., and Rastafarian) on the above noted date.

Byron K. Brown 98A2129

Action requested: The constitutional guaranteed rights of practicing my religion free from other "religious bias" such as (the memorial service of a DOCCS personnel).

cc: NYS Governor's Office
    Anthony Annucci, Commissioner
    Michael Capra, Superintendent Sing Sing C.F.
    American Civil Liberties Union

| NEW YORK STATE **Corrections and Community Supervision** | GRIEVANCE NO.<br>**0412-23** | HEARING DATE<br>**5/16/2023** |
|---|---|---|
| | GRIEVANT NAME<br>**ARRIAGA, C(CON)** | DIN<br>**00A1564** |
| INCARCERATED GRIEVANCE PROGRAM | FACILITY<br>**SING- SING C.F.** | HOUSING UNIT<br>**A-K-31** |
| **IGRC HEARING RESPONSE** | HELD IN ABSENTIA<br>☐ YES ☐ NO   If yes, why: | **N/A** |

Response of IGRC:                    **AGREE**          **CODE:  16**

Per IGRC investigation and contrary to the assertion made by Sgt. J_ of having no knowledge of the of the adjusted schedule due to an Administration Special Event; Capt. N_ issued an email on 4/13/23 to all Executive Team members and Facility Supervisors, Sgt. J_ included, informing them of the Holiday Schedule. Further, HBB supervisor/s ran Muslim/Rasta showers and services according to the directions of Capt. N_; In HBA,the offer of showers and services was done at approximately 2:45 p.m. making attendance to services unlikely as Jumah services regularly end at 2:30 pm.

Chairperson: _____          IGRC Members: _____

Date Returned to Grievant: **5/24/23**

Appeal:

If you wish to appeal, please check the appropriate box below and return within 7 calendar days to the IGRC office at the facility where the grievance was filed.*

☒ I disagree with the IGRC response and wish to appeal to the Superintendent.

☐ I have reviewed the Deadlocked response. Refer to Superintendent.

☐ I agree with the IGRC response and wish to appeal to the Superintendent.

☐ I want to apply to the IGP Supervisor for review of the IGRC dismissal.

Grievant Signature: _____          Date: **5/24/23**

*An exception to the time limit may be requested under Directive #4040, § 701.6 (g).

**To be completed by Grievance Clerk**

Grievance Clerk Signature: _____          Date Received: _____

Date Forwarded to Superintendent For Action: _____

FORM 2131 (Reverse) (12/21)

| NEW YORK STATE **Corrections and Community Supervision** | GRIEVANCE NO. SS-0412-23 | | DATE FILED 4/18/23 |
|---|---|---|---|
| | FACILITY Sing Sing | | POLICY DESIGNATION I |
| INCARCERATED GRIEVANCE POGRAM **SUPERINTENDENT RESPONSE** | TITLE Unable to Attend Jumah Services © | | CLASS CODE 16 |
| | SUPERINTENDENT'S SIGNATURE *H/Supt. B/Wep* | | DATE 5/30/23 |
| GRIEVANT Arriaga, C. | DIN 00A1564 | | HOUSING UNIT A-KS-31 |

The grievant's allege that they were denied the opportunity to attend Jumah services.

Upon investigation, this is a consolidated grievance from several individuals who claim they were denied the opportunity to attend Jumah services.  This was an isolated incident and corrective measures have been implemented to ensure that this does not happen again.  The grievant's were allowed to shower and given an opportunity to attend services late.  Most of these individuals chose not to attend services late.

Grievance is affirmed to the extent noted above.

**APPEAL STATEMENT**

If you wish to refer the above decision of the Superintendent, please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal. * Please state why you are appealing This decision to C.O.R.C.

*I did not have the opportunity to Attend Jumah services*

_____
GRIEVANT'S SIGNATURE

6/7/2023
DATE

_____
GRIEVANCE CLERK'S SIGNATURE

_____
DATE

*An exception to the time limit may be requested under Directive #4040, section 701.6 (g)
Form 2133 (12/21)

From: Byron K. Brown 98A2129
To: Q. Quick, Supervisor IGRC
Date: May 12, 2023.
Re: Appeal to Superintendent
    Dir. 4040 §701.5 (c)


　　　　I Byron K. Brown, 98a2129 am appealing the grievance dated April 20, 2023, in accordance to Dir. 4040 §701.5 (c), in which describes the denial of my religious right to attend the Jumah prayer service that were conducted at approximately 1:00 pm, in the Sing Sing Chapel area on the date of April 14, 2023.

　　　　When Housing Block "A" Security personnel had denied myself along with other prisoner's of different religious denominations to attend congregational services i.e.,Jumah, N.O.I., and Rastafarian.

Respectfully, submitted.

Byron k. Brown 98a2129


CC: Anthony Annucci, Acting Commissioner NYS DOCCS
    Michael Capra, Superintendent Sing Sing C.F.

From: Byron K. Brown 98A2129
To: Q. Quick, Supervisor IGRC
Date: June 9, 2023
Re: Appeal to (CORC)
    Dir. 4040 §701.5 (d)(1)


    I Byron K. Brown 98A2129, am appealing the grievance dated April 20, 2023, in accordance to Dir. 4040 §701.5 (d)(1), in which describes the denial of my religious right to attend the Jumah prayer service that were conducted at approximately 1:00 pm, in the Sing Sing Chapel area on the date of April 14, 2023.

    When Housing Block "A" Security personnel had denied myself along with other prisoner's of different religious denominations to attend congregational services i.e.,Jumah, N.O.I., and Rastafarian.

                           Respectfully, submitted.

                           Byron K. Brown 98A2129


CC: Anthony Annucci, Acting Commissioner NYS DOCCS
    Michael Capra, Superintendent Sing Sing C.F.
    Central Office Review Committee



**NEW YORK STATE**

# Corrections and
# Community Supervision

**KATHY HOCHUL**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

May 24, 2023

Byron Brown
98A2129
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY  10562-5442

Dear Byron Brown:

Acting Commissioner Annucci has referred your recent correspondence regarding submitting a grievance to me for response.

Directive #4040 provides incarcerated individuals with an orderly, fair, simple and expeditious method of resolving grievances pursuant to the Correction Law and makes no provision to refer grievances directly to Central Office. Grievances should be submitted directly to the IGP office at your current facility.

You are advised to address all issues with the appropriate department in the facility for the most expeditious means of resolution.

Sincerely,

Anne Marie McGrath
Deputy Commissioner

cc: Superintendent - Sing Sing C.F.
Central Files
Reference # 20230503-153801-AKP



# Corrections and
# Community Supervision

**KATHY HOCHUL**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

June 7, 20203

Byron Brown
98A2129
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY  10562-5442

Dear Byron Brown:

Acting Commissioner Annucci has referred your recent correspondence regarding your grievance appeal to me for response.

Directive #4040 provides incarcerated individuals with an orderly, fair, simple and expeditious method of resolving grievances pursuant to the Correction Law and makes no provision to refer appeals directly to Central Office.

Appeals should be submitted directly to the IGP office at the facility where the grievance was originally filed.

Sincerely,

Anne Marie McGrath
Deputy Commissioner

cc: Superintendent - Sing Sing C.F.
Central Files
Reference # 20230519-112923-AKP

Byron K. Brown 98A2124
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

Legal Mail

U.S. District Court (S.D.N.Y)
Pro-Se Office
U.S. Courthouse, 300 Quarropas St.
White Plains, N.Y. 10601

RECEIVED
JUL 13 2023
U.S.D.C.
W.P.

RECEIVED
JUL 13 2023
PRO SE OFFICE

USMS SDNY

US POSTAGE $006.90
quadient
07/12/2023
ZIP 10562
041M11470503